**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHANDER KANT,<br>Petitioner,<br>v.<br>MARK BOWEN, et al.,<br>Respondents. | Case No. 5:26-cv-05163-SP<br><br>**MEMORANDUM OPINION AND ORDER GRANTING PETITION** |

## I.
## INTRODUCTION

On September 7, 2026, petitioner Chander Kant, a federal immigration detainee, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet."). Docket no. 1. Petitioner is being held at the U.S. Immigration and Customs Enforcement ("ICE") Processing Center in Adelanto, California. Petitioner contends his detention violates his rights to procedural and substantive due process under the Fifth Amendment, the Immigration and Naturalization Act, and the Administrative Procedure Act. Petitioner seeks immediate release from immigration custody, as well as declaratory and other injunctive relief.

## II.

## BACKGROUND

Petitioner is a native and citizen of India. Pet. ¶¶ 2, 21.[1] Petitioner entered the United States without inspection on or about August 31, 2024 and was apprehended sometime after entry. *Id.* ¶¶ 22-23. Immigration officials released petitioner on bond subject to Alternatives to Detention supervision. *Id.* ¶¶ 24-25. Petitioner filed an application for asylum, which is pending, and obtained employment authorization. *Id.* ¶¶ 27, 31, 77.

Petitioner complied with the requirements of his parole, including appearing for his required check-ins. *Id.* ¶¶ 28-29, 33, 41, 76. On September 2, 2026, ICE officers arrested petitioner at a routine ICE check-in. *Id.* ¶¶ 39-43. Petitioner did not have prior notice that he would be detained, was not told why he was being detained, and was not provided an individualized custody determination. *Id.* ¶¶ 42-55.

## III.

## DISCUSSION

On September 8, 2026, the court issued and served on respondents, through the United States Attorney's Office, the court's Notice of General Order 26-05 and Briefing Schedule ("Briefing Order"). Docket no. 4. The Briefing Order includes the following deadlines:

1. "Counsel for Respondent shall file a notice of appearance within 3 calendar days of the date of the Clerk's Office issues this Notice;" and
2. "Respondent shall file an answer to the habeas petition no later than 7 days from the date the Clerk's Office issues this notice."

Briefing Order at 2. Thus, under the Briefing Order, respondents' Notice of Appearance was due September 11, 2026 and their Answer was due September 15,

---

[1] Because respondents have not provided any information about petitioner, and because respondents have not contested any of the facts alleged in the Petition, all facts contained herein are taken from the Petition as uncontested, unless otherwise noted.

2026. As of the date of this order, respondents have not answered or otherwise responded to the Petition and have not appeared in this case.

Because this has become respondents' standard practice in many similar cases, the court does not believe respondents' failure to comply with the Briefing Order was an oversight.[2] Rather, the court considers the lack of response as a concession that the relief requested in the Petition be granted. *See, e.g.*, *Hakobyan v. Janecka*, 2026 WL 2794993, at *1 (C.D. Cal. Sept. 17, 2026) (granting petition after respondents failed to oppose it or appear in the matter); *Lopez v. Warden of Adelanto ICE Processing Ctr.*, 2026 WL 2647981, at *1 (C.D. Cal. Sept. 8, 2026) ("Respondents' failure to appear and defend the case is a concession to the Petition and its requested relief."); *Parmjeet v. Semaia*, 2026 WL 2628939, at *1 (C.D. Cal. Sept. 4, 2026) (granting relief based on respondents' lack of response and appearance); *Espinales Martinez v. Mullin*, 2026 WL 2608947, at *1 (C.D. Cal. Sept. 3, 2026) ("Respondents' failure to oppose Petitioner's due process claim is a concession."); *Maltez Reyes v. Janecka*, 2026 WL 2291234, at *2 (C.D. Cal. Aug. 7, 2026) (granting petition based on respondents' failure to oppose the relief sought).

Moreover, this court has previously found that individuals similarly situated to petitioner were entitled to immediate release from custody because they were redetained in violation of their right to due process under the Fifth Amendment. *See, e.g., Hernandez Rosales v. Warden, Adelanto ICE Processing Ctr.*, 2026 WL

---

[2] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "'in both civil and criminal cases, in the first instance and on appeal . . ., we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.'" *U.S. v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation omitted). "[A]s a general rule, our system 'is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.'" *Id.* at 375-76 (citation omitted).

2621202 (C.D. Cal. Sept. 4, 2026); *Zhang v. Warden of Adelanto ICE Processing Ctr.*, 2026 WL 2548602 (C.D. Cal. Aug. 28, 2026); *Martinez Benitez v. Mullin*, 2026 WL 2535844 (C.D. Cal. Aug. 27, 2026); *Dagio Mondragon v. Mullin*, 2026 WL 2432627 (C.D. Cal. Aug. 19, 2026). Given respondents' lack of opposition and failure to appear in the case, and for the reasons set forth in *Hernandez-Rosales, Zhang*, *Martinez Benitez, and Dagio Mondragon*, and the relevant cases cited in those decisions, the Petition is granted.

**IV.**

**ORDER**

IT IS THEREFORE ORDERED that: (1) Judgment will be entered granting the Petition; (2) respondents shall immediately release petitioner Chander Kant (A# 221-149-076) from immigration custody; (3) petitioner's conditions of release shall be the same as those in place prior to petitioner's most recent detention; (4) respondents shall return any confiscated property and documents to petitioner upon his release; (5) respondents are enjoined and restrained from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation hearing before a neutral decisionmaker, that petitioner presents a flight risk or a danger to the community; and (6) respondents shall file a status report no later than September 28, 2026**,** confirming that petitioner has been released from respondents' custody.

Dated: September 23, 2026

SHERI PYM
United States Magistrate Judge